## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

ROBERT R. WOLF,

       Plaintiff,

vs.                                      No. CIV 23-0382 JB\GJF

NEW MEXICO DEPARTMENT OF
CORRECTIONS; KRISTAL RIVERA, Unit
Manager; JOSE SANTIAGO, Captain;
TIMOTHY B. HATCH, Deputy Warden;
SHAWN FARMAN, Disciplinary Officer;
ROBERT NILIUS, Warden; CHERYL
DOREN, Mail Room Clerk; and JOHN
SANCHEZ, Deputy Warden,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court following Plaintiff Robert Wolf's failure to amend and to state a plausible claim for relief, as the Court directed him to. Wolf is incarcerated and is proceeding pro se. See Motion to Amend Complaint #3 and Attached Amended Prisoner Civil Rights Complaint, filed November 14, 2024 (Doc. 25)("Third Amended Complaint"). The Court previously dismissed Wolf's 42 U.S.C. § 1983 claims for failure to state a claim upon which relief may be granted, but granted him leave to amend. See Memorandum Opinion and Order, filed August 30, 2024 (Doc. 17)("Screening MOO"). Having reviewed the record and applicable law, the Court concludes that Wolf's Third Amended Complaint is duplicative and, alternatively, still does not comply with the § 1983 pleading standards set forth in the Screening MOO. The Court dismisses this case without prejudice.

## FACTUAL AND PROCEDURAL BACKGROUND

Wolf is a State inmate at the Central New Mexico Correctional Facility ("CNMCF") in Los Lunas, New Mexico. See Third Amended Complaint at 28. Wolf originally filed this case to

address how the "administration and staff treats the geriatrics" in prison.  Amended Prisoner Complaint for Violation of Civil Rights, filed November 28, 2023 (Doc. 13)("First Amended Complaint").  The First Amended Complaint alleges, among other things, that: (i) "youngsters" are "taking over" at CNMCF; (ii) other inmates engage in fights and use drugs; (iii) prison officials provide inadequate food, medical care, and housing amenities; and (iv) such issues are attributable to the fact that "to[o] many women [are] running the prisons."  First Amended Complaint at 6-9. The First Amended Complaint raises claims for discrimination and for cruel-and-unusual punishment under 42 U.S.C. § 1983, and claims for violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101-213 ("ADA").  See First Amended Complaint at 5, 6, 9.

The Court referred the case to the Honorable Gregory Fouratt, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders.  See Order of Reference Relating to Prisoner Cases, filed May 18, 2023 (Doc. 2).  Magistrate Judge Fouratt granted Wolf's First Application to Proceed in District Court Without Prepaying Fees or Costs, filed July 28, 2023 (Doc. 4)("First IFP Motion"), and assessed the initial partial payment.  See Order Granting *In Forma Pauperis* Application, filed September 25, 2023 (Doc. 5)("IFP Order").  Wolf paid the initial partial payment as directed, which triggers the initial review of the First Amended Complaint under 28 U.S.C. § 1915(e).  See 28 U.S.C. § 1915(e)(requiring sua sponte dismissal where an in forma pauperis complaint fails to state a cognizable claim upon which relief may be granted).

By a Screening MOO entered August 30, 2024, the Court reviewed the claims under 28 U.S.C. § 1915(e) and dismissed the First Amended Complaint without prejudice.  See Screening MOO at 18-19.  The Screening MOO explains that the First Amended Complaint does

not state a cognizable claim for relief against any Defendant.  See Screening MOO at 18-19. Specifically, the First Amended Complaint uses a series of passive-voice statements describing the alleged violation of rights without tying any specific Defendants to the alleged wrongdoing.  See Screening MOO at 15.  See also Pahls v. Thomas, 718 F.3d 1210, 1225-26 (10th Cir. 2013)("When various officials have taken different actions with respect to a plaintiff, the plaintiff's . . . passive-voice [allegations] showing that his rights 'were violated' will not suffice.  Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights.")(internal quotations have no citation).  The Screening MOO also explains that, even if the First Amended Complaint connects each Defendant to the alleged wrongdoing, the alleged facts do not satisfy the applicable pleading standards under § 1983 and under the ADA. See Screening MOO at 15-19.

Consistent with Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), and Wolf's pro se status, the Court invited Wolf to file a single, amended civil complaint.  See Screening MOO at 18.  The Screening MOO sets forth detailed instructions regarding the amendment, including the law regarding the federal pleading standards under rule 12(b)(6) of the Federal Rules of Civil Procedure; the law regarding 42 U.S.C. § 1983 claims; and the law regarding ADA claims.  See Screening MOO at 3-12.    The Screening MOO warns that, if Wolf does not file a single, amended complaint as the Court directs, or if he files another amended complaint that does not state a cognizable claim or comply with the pleading standards that the Screening MOO discusses, the Court may dismiss this action without further notice.  See Screening MOO at 19.

Wolf has not filed a single, amended complaint consistent with the Court's instructions. Instead, he files a series of alternating amendments and motions to extend the amendment deadline. Wolf requests the first extension on September 11, 2024.  See Motion for Extension of Time, filed

September 11, 2024 (Doc. 18)("First Extension Motion").  Magistrate Judge Fouratt grants the First Extension Motion and extends the amendment deadline through November 15, 2024.  <u>See</u> Order Granting Extension, filed September 11, 2024 (Doc. 19).   Wolf thereafter requests another extension of the amendment deadline, but he also files a timely amendment.  <u>See</u> Motion for Extension of Time, filed October 24, 2024 (Doc. 20); Motion to Extend Complaint and attached Amended Prisoner Civil Rights Complaint, filed October 28, 2024 (Doc. 23).   Magistrate Judge Fouratt enters a Second Order Granting Extension on October 29, 2024, filed October 29, 2024 (Doc. 24)("Second Order Granting Extension"), which extended the amendment deadline through December 5, 2024.  <u>See</u> Second Order Granting Extension at 1.  The following month, Wolf again files both an amended pleading and another request for extension.  <u>See</u> Motion to Amend Complaint # 3 with attached Third Amended Complaint, filed November 14, 2024 (Doc. 25)(Motion to Amend #3); Motion for Another Extension of Time, filed November 15, 2024 (Doc. 26).

Magistrate Judge Fouratt gives Wolf one final opportunity to amend his claims, if necessary, or to identify which pleading qualifies as the controlling amendment.  <u>See</u> Order Regarding Final Amendment Deadline, filed November 19, 2024 (Doc. 27)("Final Extension Order").  The Final Extension Order extends the amendment deadline through December 10, 2024.  <u>See</u> Final Extension Order at 1.  The Final Extension Order further explains:

> This will be the last extension with respect to the amendment deadline. Any further amendments must include all claims Plaintiff wishes to raise. If Plaintiff fails to timely amend, the Court will: (1) construe the [Motion to Amend # 3] filed November 14, 2024 as the controlling pleading in this case; and (2) screen <u>only</u> the claims that appear in that filing without regard to other filings. If Plaintiff elects to file a separate amended complaint by December 10, 2024, that new pleading will also supersede all prior filings. Finally, if Plaintiff continues to file motions that create uncertainty regarding his amended claims and/or raise claims in piecemeal submissions, the Court may dismiss this case with or without prejudice.

Final Extension Order at 1-2 (emphasis in original).

Wolf files a response to the Final Extension Order, which states: "The Amended Complaint to this suit was sent in November 13, 2024 [and] is my final Amended Complaint." Response to Order Regarding Final Amendment Deadline, filed December 4, 2024 (Doc. 29)("Response Clarifying Controlling Pleading"). The Court therefore construes the Third Amended Complaint (Doc. 25) -- which Wolf signs on November 13, 2024 and the Clerk' Office files of record on November 14, 2024 -- as the controlling pleading.

The Third Amended Complaint focuses on a different theory of liability than the First Amended Complaint. The Third Amended Complaint raises claims based on a book/mail rejection rather than on Wolf's conditions of confinement. See Third Amended Complaint ¶¶ 1-13, at 1-5. Construed liberally, the Third Amended Complaint alleges the Defendant New Mexico Department of Corrections ("NMCD")[1] violates its own policy by issuing a book rejection notice. See Third Amended Complaint ¶¶ 1-2, at 1. The Third Amended Complaint further alleges that the NMCD and/or prison officials prevent Wolf from receiving mail containing his copy of the Prison Litigation Reform Act Book and other legal publications, such as Prison Legal News. See Third Amended Complaint ¶¶ 1-2, at 1-3. The Third Amended Complaint also references a Memorandum, which relates to "publisher[] distributions," but the subject of such Memorandum is otherwise unclear. See Third Amended Complaint ¶ 5, at 2. The Third Amended Complaint attaches a series of grievances and mail rejection notices, which reflect that CNMCF officials refuse to deliver magazines and books such as Prison Legal News and Criminal Legal News. See Third Amended Complaint at 7-27.

---

[1]Wolf uses the name New Mexico Department of Corrections, but the correct name is New Mexico Corrections Department. See About Us, New Mexico Corrections Department, available at https://www.cd.nm.gov/about-us/ (last accessed on May 29, 2025).

While the Third Amended Complaint sometimes references the plural version of "Defendants," the only listed Defendant is NMCD.   Third Amended Complaint ¶¶ 1-13, at 1-5. The Third Amended Complaint seeks damages and injunctive relief under 42 U.S.C. § 1983.   See Third Amended Complaint, Request for Relief ¶¶ 1-3, at 3-5.   The Third Amended Complaint also seeks damages under N.M.S.A. § 33-2-34(A)--which governs the procedure for earning meritorious (good time) credits and does not create a private right of action--and "negligence." Third Amended Complaint, Request for Relief ¶ 3, at 5.

In addition to the Third Amended Complaint, Wolf files four procedural motions in this case: (i) a Second Application to Proceed in District Court Without Prepaying Fees or Costs, filed October 28, 2024 (Doc. 21)("Second IFP Motion"); (ii) a Motion for Preliminary Injunction and Temporary Restraining Order, filed November 21, 2024 (Doc. 28)("TRO Motion"); (iii) a Motion for Default Judgment, filed April 21, 2025 (Doc. 30)("Motion for Default Judgment"); and (iv) a Motion to Extend Unspecified Deadline, filed May 16, 2025 (Doc. 31)("Motion to Extend Unspecified Deadline").   When cited together, the Court will refer to the four motions as the "Procedural Motions."   Wolf files a duplicate copy of the TRO Motion and the Motion for Default Judgment in his related case, Wolf v. Hatch, No. CIV 23-1120 JCH\SCY.   That case involves the same claims that Wolf now raises in the Third Amended Complaint, i.e, that on various occasions, prison officials issue a mail rejection notice, and fail to deliver Wolf's copies of the Prison Litigation Reform Act Book and Prison Legal News.   See Third Amended Complaint at 1-22. See also Complaint for Violation of Civil Rights (Prisoner Complaint), filed December 15, 2023 (Doc. 1), in Wolf v. Hatch, No. CIV 23-1120 JCH\SCY (hereinafter, the "Original Book Rejection Complaint").   Before Wolf files his Third Amended Complaint in this case, the Honorable Judith Herrera, Senior United States District Judge for the United States District Court for the District of

New Mexico, dismisses the 42 U.S.C. § 1983 claims against NMCD and orders the remaining Defendants to file an answer to the Original Book Rejection Complaint.  See Wolf v. Hatch, No. CIV 23-1120 JCH\SCY, Memorandum Opinion and Order, filed May 22, 2024 (Doc. 7)("Judge Herrera's Screening MOO").  The Original Book Rejection Complaint survives initial review, and litigation is underway in Wolf v. Hatch, No. CIV 23-1120 JCH\SCY.  Under these circumstances, the Court considers whether the Third Amended Complaint in this case is duplicative -- in light of the fact that the Original Book Rejection Complaint survives initial review in Wolf's other case -- and whether the Third Amended Complaint otherwise is subject to dismissal under 28 U.S.C. § 1915(e).

## LAW REGARDING INITIAL REVIEW OF PRISONER COMPLAINTS

Section 1915(e) of Title 28 of the United States Code requires the court to conduct a sua sponte review of all civil complaints where the plaintiff is proceeding in forma pauperis.  See 28 U.S.C. § 1915(e).  The court must dismiss any in forma pauperis complaint that is frivolous, malicious, or fails to state a claim on which relief may be granted for purposes of rule 12(b)(6) of the Federal Rules of Civil Procedure.  See 28 U.S.C. § 1915(e).  Section 1915 also requires sua sponte dismissal where the claims are duplicative of other filings.  See Erwin v. Zmuda, No. 24-3022, 2024 WL 2768460, at *2 (10th Cir. May 30, 2024)(unpublished)[2](holding that "[w]hen a

---

[2]Erwin v. Zmuda, No. 24-3022, 2024 WL 2768460 (10th Cir. May 30, 2024) is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it.  See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value.").  The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored . . . . However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

pro se litigant files complaints that are repetitive, duplicative of other filings, without merit, or frivolous, he abuses the district court process," and that "repetitious litigation of virtually identical causes of action may be dismissed under § 1915 as frivolous or malicious")(quoting <u>Childs v. Miller</u>, 713 F.3d 1262, 1265 (10th Cir. 2013)).

As to rule 12(b)(6), the rule tests the "sufficiency of the allegations within the four corners of the complaint after taking those allegations as true." <u>Mobley v. McCormick</u>, 40 F.3d 337, 340 (10th Cir. 1994)(citing <u>Williams v. Meese</u>, 926 F.2d 994, 997 (10th Cir. 1991)). A complaint's sufficiency is a question of law, and, when reviewing the complaint, a court must accept as true all of a complaint's well-pled factual allegations, view those allegations in the light most favorable to the plaintiff, and draw all reasonable inferences in the plaintiff's favor. <u>See Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322-23 (2007)("[O]nly '[i]f a reasonable person could not draw . . . an inference [of plausibility] from the alleged facts' would the defendant prevail on a motion to dismiss." (quoting <u>Makor Issues & Rights, Ltd. v. Tellabs, Inc</u>, 437 F.3d 588, 602 (7th Cir. 2006)(this district court adds first and third alteration, second alteration in <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>))); <u>Smith v. United States</u>, 561 F.3d 1090, 1098 (10th Cir. 2009)("[F]or purposes of resolving a Rule 12(b)(6) motion, we accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." (citing <u>Moore v. Guthrie</u>, 438 F.3d 1036, 1039 (10th Cir. 2006))).

A complaint need not set forth detailed factual allegations, but "[a] pleading that offers

---

<u>United States v. Austin</u>, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that <u>Erwin v. Zmuda</u>, <u>McNamara v. Brauchler</u>, 570 F. App'x 741 (10th Cir. 2014), <u>Buchanan v. Okla.</u>, 398 F. App'x 339 (10th Cir. 2010), and <u>Novotny v. OSL Retail Servs. Corp.</u>, 2023 WL 3914017 (10th Cir. June 9, 2023), have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action'" is insufficient.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. at 555.

To survive rule 12(b)(6) review, a plaintiff's complaint must contain sufficient "facts that, if assumed to be true, state a claim to relief that is plausible on its face."  Mink v. Knox, 613 F.3d 995, 1000 (10th Cir. 2010)(citing Ashcroft v. Iqbal, 556 U.S. at 678).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 556).  "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complainant must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims."  Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)(emphasis in original).  The United States Court of Appeals for the Tenth Circuit states:

> "[P]lausibility" in this context must refer to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 570).

In conducting the initial review, a pro se prisoner's pleadings "are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d at 1110. If the court can "reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, . . . confusion of various legal theories, . . . poor syntax and sentence construction, or . . . unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. At the same time, however, pro parties must file a legible pleading that complies with rule 8. That rule requires: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a).

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983. Section 1983 creates only the right of action, and it does not create any substantive rights; substantive rights must come from the Constitution or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 'did not create any substantive rights, but merely enforce[s] existing constitutional and federal statutory rights'")(quoting Ellis v. Univ. of Kansas Med. Ctr., 163 F.3d 1186, 1197 (10th Cir. 1998)(brackets in Nelson v. Geringer, but not in Ellis v. Univ. of Kansas Med. Ctr.). Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights. To state a valid claim under

§ 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprives the plaintiff of that right acts under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988).   The Court notes:

> [A] plaintiff must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a "person" (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia.

Schaefer v. Las Cruces Public Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)).

The Supreme Court of the United States clarifies that, in alleging a § 1983 action against a government agent in his or her individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009).   Consequently, there is no respondeat superior liability under § 1983.   See Ashcroft v. Iqbal, 556 U.S. at 675; Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997).   Entities cannot be held liable solely on the existence of an employer-employee relationship with an alleged tortfeasor.   See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 689 (1978).   Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts.   See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability.   See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012)(quoting 42 U.S.C. § 1983; Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006)).   The Tenth Circuit also recognizes that Ashcroft v. Iqbal limits, but does not eliminate, supervisory liability for government officials

based on an employee's or subordinate's constitutional violations.    See Garcia v. Casuas, No. CIV

11-0011 JB/RHS 2011, WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing

Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)).    The language that may have altered

the landscape for supervisory liability in Ashcroft v. Iqbal is: "Because vicarious liability is

inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official

defendant, through the official's own individual actions, has violated the Constitution."[3]    Ashcroft

v. Iqbal, 556 U.S. at 676.    The Tenth Circuit in Dodds v. Richardson states:

> Whatever else can be said about Iqbal, and certainly much can be said, we
> conclude the following basis of § 1983 liability survived it and ultimately resolves
> this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor
> who creates, promulgates, implements, or in some other way possesses
> responsibility for the continued operation of a policy the enforcement (by the
> defendant-supervisor or her subordinates) of which "subjects, or causes to be
> subjected" that plaintiff "to the deprivation of any rights . . . secured by the
> Constitution[]"

Dodds v. Richardson, 614 F.3d at 1199 (quoting 42 U.S.C. § 1983).    The Tenth Circuit notes,

however, that "Iqbal may very well have abrogated § 1983 supervisory liability as we previously

understood it in this circuit in ways we do not need to address to resolve this case."    Dodds v.

Richardson, 614 F.3d at 1200.    The Tenth Circuit concludes that Ashcroft v. Iqbal does not alter

"the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis."

---

[3]Bivens has been extended, however, to only a handful of constitutional rights.    See Davis v. Passman, 442 U.S. 228, 248 (1979)(finding an implied cause of action for violations of the equal protection principles enmeshed within the due process clause of the Fifth Amendment to the United States Constitution, U.S. Const. amend V); Carlson v. Green, 446 U.S. 14 (1980)(extending Bivens to allow for damages for violations of the cruel-and-unusual punishment clause of the Eighth Amendment to the United States Constitution).    The Supreme Court has expressed hesitation about federal courts extending Bivens into new contexts.    See Hernandez v. Mesa, 589 U.S. 93, 113 (2020)("When evaluating whether to extend Bivens, the most important question 'is "who should decide" whether to provide for a damages remedy, Congress or the courts?' The correct 'answer most often will be Congress.'" (first quoting Ziglar v. Abbasi, 582 U.S. 120, 134 (2017); and then quoting Bush v. Lucas, 462 U.S. 367, 380 (1983))).

Dodds v. Richardson, 614 F.3d at 1200.   More specifically, the Tenth Circuit recognizes that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'"   Dodds v. Richardson, 614 F.3d at 1200-01(quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976))

The specific example that the Tenth Circuit uses to illustrate this principle is Rizzo v. Goode, where the plaintiff seeks to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers committed.   See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).   The Tenth Circuit notes that the Supreme Court in that case found a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "crush the nascent labor organizations."   Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## ANALYSIS

The crux of Wolf's Third Amended Complaint is that NMCD violates the Constitution and State law by refusing to deliver mail containing his books and magazines.   See Third Amended Complaint ¶¶ 1-13, at 1-5.   The Court already has conducted a 28 U.S.C. § 1915(e) initial review of Wolf's earlier, unrelated claims in this case.   Because the record is complex, the Court clarifies the scope of pending claims and this ruling before turning to the Third Amended Complaint's merits.

## I.    THE THIRD AMENDED COMPLAINT IS THE CONTROLLING PLEADING.

This screening ruling is the second one in this case.   The Court issued its first Screening MOO on August 30, 2024, which dismisses Wolf's First Amended Complaint pursuant to

§ 1915(e) and rule 12(b)(6).   <u>See</u> Screening MOO at 1.   The Screening MOO also grants leave

to amend.   <u>See</u> Screening MOO at 18.   After a series of false starts and extensions, Wolf files the

Third Amended Complaint on November 14, 2024.   <u>See</u> Third Amended Complaint at 1.   The

Third Amended Complaint focuses on a new legal theory, <u>i.e.</u>, the rejection of mailings containing

books/magazines.

Because Wolf's new legal theory is unrelated to his original theory in the First Amended

Complaint, <u>i.e.</u>, unconstitutional conditions of confinement and ADA violations, and because Wolf

submits several different filings after the Screening MOO, Magistrate Judge Fouratt gives Wolf

additional guidance and one more opportunity to identify the controlling pleading in this case.

The Final Extension Order explains that all claims must be in one controlling pleading and that an

amendment supersedes prior pleadings.   <u>See</u> Final Extension Order at 1.   <u>See also</u> <u>Tufaro v. Okla.</u>

<u>ex rel. Bd. of Regents of Univ. of Okla.</u>, 107 F.4th 1121, 1137 (10th Cir. 2024)("[A]n amended

complaint supersedes a prior complaint and renders it of no legal effect.").   The Final Extension

Order further clarifies that, after expiration of the final amendment deadline, the second screening

ruling -- this ruling -- will consider only the claims in Wolf's final amended complaint without

regard to any other filings.   <u>See</u> Final Extension Order at 1.

Wolf filed a Response Clarifying Controlling Pleading, which explicitly identifies the

Third Amended Complaint as his final, controlling pleading.   <u>See</u> Response Clarifying

Controlling Pleading at 1 ("The Amended Complaint to this suit was in November 13, 2024 [filed

of record November 14, 2024] and is my final Amended Complaint.").   For purposes of this

second screening ruling under § 1915(e), the Court therefore limits its review to whether the

allegations in the Third Amended Complaint, filed November 14, 2025, state a cognizable claim

or are otherwise subject to sua sponte dismissal.   The Court will not scour the record to draw

information from other piecemeal filings or consider whether prior pleadings would survive initial review under § 1915(e).  See McNamara v. Brauchler, 570 F. App'x 741, 743 (10th Cir. 2014)(determining that it "is not the role of . . . the court . . . to sort through . . . voluminous [filings] . . . to construct plaintiff's causes of action").

Wolf's latest Motion for Unspecified Extension, filed May 15, 2025, does not change the analysis.  See Motion for Unspecified Extension, filed May 15, 2025 (Doc. 31).  That Motion consists of two sentences and states: "I am asking for a 30 day extension due to receiving an em[p]ty envelope from the law firm of Cuddy & McCarthy.  I would also ask the Court for a dock[et]ing statement."  Motion to Extend Unspecified Deadline at 1.  Wolf does not specify which deadline he seeks to amend, nor does he explain how the receipt of the envelope impacts this case.  Assuming Wolf seeks to again amend his complaint in this case, based on the prospect of obtaining counsel, such relief is unnecessary.  The Court already set a final extension deadline in this case, but Wolf can continue to prosecute his book/mail rejection claims in his duplicate case, Wolf v. Hatch, No. CIV 23-1120 JCH\SCY, and try to obtain counsel there.  The Court therefore denies the Motion to Extend Unspecified Deadline and screens the Third Amended Complaint.

## II.    THE THIRD AMENDED COMPLAINT DOES NOT STATE A § 1983 CLAIM.

Wolf's asserts his Constitutional claims pursuant to 42 U.S.C. § 1983, the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights." Brown v. Buhman, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016).  "A cause of action under section 1983 requires the deprivation of a civil right by a 'person' acting under color of state law." McLaughlin v. Bd. of Trustees, 215 F.3d 1168, 1172 (10th Cir. 2000).  The plaintiff must allege that each government official, through the official's own individual actions, has personally

violated the Constitution.    See Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 1998).    There also must be a connection between the official conduct and the constitutional violation.    See Fogarty v. Gallegos, 523 F.3d 1147, 1162 (10th Cir. 2008).    "Collective allegations" regarding the violation of Constitutional rights will not satisfy this standard.    Robbins v. Oklahoma, 519 F.3d 1242, 1249-50 (10th Cir. 2008).    The complaint must "make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him."    Robbins v. Oklahoma, 519 F.3d at 1249-50.

The initial Screening MOO explains these principles, including the pleading standards under rule 12(b)(6) and § 1983.    See Screening MOO at 3-9; 14.    These general pleading standards have not changed, even though Wolf's legal theory is new.    Applying these standards, the Court concludes that the Third Amended Complaint does not state a cognizable § 1983 claim. The Third Amended Complaint identifies only one Defendant: NMCD.    It is well settled that NMCD is not a "person" subject to suit under 42 U.S.C. § 1983.    See Blackburn v. Dep't of Corr., 172 F.3d 62, 63 (10th Cir. 1999)("New Mexico Department of Corrections is not a 'person' subject to suit under § 1983 . . . regardless of the relief sought")(internal quotations have no citation); Buchanan v. Okla., 398 F. App'x 339, 342 (10th Cir. 2010)("[S]tate-operated detention facilities do not have a separate legal identity from the state, and therefore are not 'persons' who have the capacity to be sued under § 1983")(internal quotations have no citation).    To the extent that the Third Amendment Complaint references the "Defendants" in the plural form, Wolf does not identify whom those Defendants are or how each Defendant is involved in wrongdoing, but uses collective allegations.    See Screening MOO at 15.    See also Pahls v. Thomas, 718 F.3d at 1225-26 ("When various officials have taken different actions with respect to a plaintiff, the plaintiff's . . . passive-voice [allegations] showing that his rights 'were violated' will not suffice.    Likewise

- 16 -

insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights.")(internal quotations have no citation).

Even if Wolf could sue NMCD, the Third Amended Complaint does not connect NMCD to any wrongdoing. As the Screening MOO explains, entities and prison supervisors are not vicariously liable under 42 U.S.C. § 1983 for their employees' actions. See Moya v. Garcia, 895 F.3d 1229, 1233 (10th Cir. 2018); Dubbs v. Head Start, Inc., 336 F.3d 1194, 1216 (10th Cir. 2003). To establish liability under § 1983, Wolf must show the entity-defendant or prison supervisor "had an 'official . . . policy of some nature' . . . that was the direct cause or moving force behind the constitutional violations." Dubbs v. Head Start, Inc., 336 F.3d at 1216 (applying the rule to entity-defendants)(quoting Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. at 691)(this district court adds ellipses). See Moya v. Garcia, 895 F.3d at 1233 (applying the rule to prison supervisors). Here, the Third Amended Complaint alleges NMCD's policies permit inmates to receive books/magazines and that unnamed "Defendants" violated those policies. Third Amended Complaint ¶¶ 1-8, at 1-2. To the extent that Wolf attempts to sue NMCD based on a "Memorandum," the Third Amended Complaint does not describe that Memorandum's contents or explain why it violates the Constitution. Third Amended Complaint ¶¶ 1-8, at 1-2. For these reasons, the Court concludes that Wolf's Third Amended Complaint does not to state a cognizable claim or satisfy the general § 1983 pleading standards that the initial Screening MOO discusses.

## III. **ALTERNATIVELY, THE THIRD AMENDED COMPLAINT IS DUPLICATIVE**.

Alternatively, even if the Third Amended Complaint could state a § 1983 claim against any Defendant, the pleading remains subject to dismissal under § 1915(e). The Tenth Circuit has "long held that when a pro se litigant files complaints that are repetitive [or] duplicative of other filings . . . he abuses the district court process," and that "repetitious litigation of virtually identical

causes of action may be dismissed under § 1915." <u>Erwin v. Zmuda</u>, 2024 WL 2768460, at *2 (citing <u>Childs v. Miller</u>, 713 F.3d 1262, 1265 (10th Cir. 2013)).  Beyond § 1915(e)'s screening requirements, the Tenth Circuit also prohibits the practice of claim-splitting.  "The rule against claim-splitting requires a plaintiff to assert all of its causes of action arising from a common set of facts in one lawsuit."  <u>Katz v. Gerardi</u>, 655 F.3d 1212, 1217 (10th Cir. 2011).  A plaintiff violates the rule against claim-splitting when he or she files two or more cases that involve parties who represent the same interests; the same violations of plaintiff's rights; the same prayer or relief; and the same essential facts.  <u>Katz v. Gerardi</u>, 655 F.3d at 1217.

The Third Amended Complaint, filed November 14, 2024 in this case, is identical in all material aspects to the Original Book Rejection Complaint, filed May 4, 2023 in <u>Wolf v. Hatch</u>, No. CIV 23-1120 JCH\SCY.  In the Court's case, the Third Amended Complaint alleges that NMCD and unnamed CNMCF Defendants improperly reject Wolf's mailing containing the Prison Litigation Reform Act Book along with mailings containing magazines such as Prison Legal News. <u>See</u> Third Amended Complaint ¶¶ 1-13, at 1-5.  The Third Amended Complaint further alleges that NMCD does not follow its policies with respect to the appeal of a book/mail rejection.  <u>See</u> Third Amended Complaint ¶¶ 1-4, at 1.  The Third Amended Complaint attaches grievances and mail rejection notices, which reflect that the CNMCF mailroom rejects the Prison Litigation Reform Act Book and other publications between February and March of 2022.  <u>See</u> Third Amended Complaint at 7-11.  The attachments also reflect that, in 2024, CNMCF rejects mailings containing magazines such as Prison Legal News and Criminal Legal News.  <u>See</u> Third Amended Complaint at 12-27.

The Original Book Rejection Complaint -- which is the controlling pleading in <u>Wolf v. Hatch</u>, No. CIV 23-1120 JCH\SCY -- addresses the same subject matter.  In that case, Wolf sues

the correct parties, i.e., the individual CNMCF officials who reject the mail/books.   The Original

Book Rejection Complaint alleges that CNMCF officials reject Wolf's "access to [the] Prison

Litigation Reform Act Book;" send many rejection notices starting in February and March of 2022;

reject mailings containing the Prison Legal News magazine; and do not follow the appeal policy

regarding rejection notices.   See Original Book Rejection Complaint at 14-15.   Both complaints

raise claims under 42 U.S.C. § 1983; First Amendment violations; and Due Process violations.

See Original Book Rejection Complaint at 12-15; Third Amended Complaint ¶¶ 1-13, at 1-5.   The

Defendants are different, but that is because, in Wolf v. Hatch, No. CIV 23-1120 JCH\SCY, Wolf

correctly names the CNMCF officials subject to liability and connects those officials to the

wrongdoing.   See Original Book Rejection Complaint at 1-15.

        Based on these similarities, the Court concludes the Third Amended Complaint in this case

is subject to dismissal as duplicative under § 1915(e) and, alternatively, that the Third Amended

Complaint violates the federal bar on claims splitting.   Wolf still has an opportunity to litigate his

claims in Wolf v. Hatch, No. CIV 23-1120 JCH\SCY.   The Original Book Rejection Complaint

in that case survives initial review under § 1915(e).   The Defendants appear through counsel in

that case, and the docket reflects that the Honorable Steven Yarbrough, United States Magistrate

Judge for the United States District Court for the District of New Mexico, currently is conducting

a Martinez investigation.   See Hall v. Bellmon, 935 F.2d at 1109 (citing Martinez v. Aaron, 570

F.2d 317, 319-20 (10th Cir. 1978) and noting the Martinez investigation is "a court-authorized

investigation and report by prison officials" aimed at ferreting out the "factual or legal bases for

[the pro se prisoner] claims").

## IV.    THE COURT DISMISSES THIS CASE WITHOUT PREJUDICE.

        The Court dismisses the Third Amended Complaint for failure to state a cognizable claim

under § 1915(e), under rule 12(b)(6), and under the general § 1983 pleading standards that the initial Screening MOO discusses.   Alternatively, the Court dismisses the Third Amended Complaint as duplicative under § 1915(e) and for violating the federal rule against claim-splitting. Courts usually dismiss the federal claims with prejudice where (as here) the prior complaint does not state a cognizable claim, and the plaintiff's amendment still fails to comply with the applicable pleading standards and rule 12(b)(6).   See, e.g., Novotny v. OSL Retail Servs. Corp., No. 22-8062, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023)(affirming dismissal with prejudice where the district court rejects a "claim but gave [the plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal").   Wolf is still litigating, however, the claims in the Third Amended Complaint in his near-identical case pending before Senior Judge Herrera and Magistrate Judge Yarbrough, Wolf v. Hatch, No. CIV 23-1120 JCH\SCY.   The Court therefore dismisses all federal claims in the Third Amended Complaint without prejudice under § 1915(e).   Because no federal claims remain, the Court declines to exercise supplemental jurisdiction over any State law claims in the Third Amended Complaint and dismisses such claims without prejudice.   See Brooks v. Gaenzle, 614 F.3d 1213, 1229-30 (10th Cir. 2010)(holding that federal courts generally should decline to exercise supplemental jurisdiction over a State-law claim if no viable federal claims remain).

Finally, to the extent that Wolf seeks procedural relief in this case, the Court denies all Procedural Motions.   The Court denies Wolf's Motion for Unspecified Extension.   Wolf's Second IFP Motion is moot, as he already obtained in forma pauperis relief in this case.   See IFP Order at 1.   The Court also denies Wolf's TRO Motion, as it relates to this case.   The TRO Motion seeks an injunction directing prison officials to provide a stationary bicycle in the geriatric pod at CNMCF.   See TRO Motion at 1.   Wolf cannot show that he is substantially likely to

prevail on the merits, because, as discussed above, this case is subject to dismissal for multiple reasons.   See Dine Citizens Against Ruining Our Env't v. Jewell, 839 F.3d 1276, 1281 (10th Cir. 2016)(holding that, "[i]n order to receive a preliminary injunction, the plaintiff must establish[,]" among other things, "a substantial likelihood of prevailing on the merits.").   The requested TRO also has no relation to the current legal claims in the controlling pleading, which pertain to book/magazine rejections.   See Schrier v. Univ. of Co., 427 F.3d 1253, 1258 (10th Cir. 2005)(noting the limited purpose of a preliminary injunction "'is merely to preserve the relative positions of the parties until a trial on the merits can be held'")(quoting Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981)).   The Court also denies Wolf's Motion for Default Judgment, as it relates to this case.   This request is moot, and in any event, no party is in default, because the Court has not ordered an answer in this prisoner case.   See 28 U.S.C. § 1915(e)(requiring sua sponte screening of prisoner cases before the defendants are served); 42 U.S.C. §1997e(g)(1)-(2)(permitting defendants to decline to reply to any action brought by a prisoner until the court orders a response).   For clarity, the Court reiterates that none of the above rulings prejudice Wolf's ability to prosecute claims or request procedural relief in his other case, Wolf v. Hatch, No. CIV 23-1120 JCH\SCY.   Going forward, Wolf should file his requests for procedural relief in that case.

**IT IS ORDERED** that: (i) all claims in Motion to Amend Complaint #3 and Attached Amended Prisoner Civil Rights Complaint, filed November 14, 2024 (Doc. 25), are dismissed without prejudice; (ii) the Plaintiff's Second Application to Proceed in District Court Without Prepaying Fees or Costs, filed October 28, 2024 (Doc. 21) is denied; (iii) the Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order, filed November 21, 2024 (Doc. 28) is denied; (iv) the Plaintiff's Motion for Default Judgment, filed April 21, 2025 (Doc. 30) is denied;

(v) the Plaintiff's Motion to Extend Unspecified Deadline, filed May 16, 2025 (Doc. 31) is denied;

and (vi) a separate judgment closing the civil case will be entered.

_____
UNITED STATES DISTRICT JUDGE


*Parties:*

Robert R. Wolf
Los Lunas, New Mexico

     *Plaintiff pro se*