IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERT R. WOLF,

       Plaintiff,

vs.                                           No. CIV 23-0382 JB/GJF

NEW MEXICO DEPARTMENT
OF CORRECTIONS, KRISTAL RIVERA,
JOSE SANTIAGO, TIMOTHY B. HATCH,
SHAWN FARMAN, ROBERT NILIUS,
CHERLY DOREN, and JOHN SANCHEZ,

       Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Plaintiff's Motion to Correct 1983 Civil

Rights Complaint, filed July 2, 2025 (Doc. 34)("Motion to Correct").   Wolf is incarcerated and is

proceeding pro se.   See Motion to Correct at 1, 9.   Wolf seeks permission to file a fourth amended

complaint after the Court dismisses his 42 U.S.C. § 1983 case, alleging that he always intended to

pursue a different legal theory.   See Motion to Correct at 1-3.   Having reviewed the record and

applicable law, the Court denies the Motion to Correct.

## FACTUAL AND PROCEDURAL BACKGROUND

Wolf is a state inmate at the Central New Mexico Correctional Facility ("Central NM") in

Los Lunas, New Mexico.   See Motion to Correct at 9.   Wolf originally files this case to address

how the "administration and staff treats the geriatrics" in prison.   Amended Prisoner Complaint

for Violation of Civil Rights, filed November 28, 2023 (Doc. 13)("First Amended Complaint").

The First Amended Complaint alleges, among other things, that: (i) "youngsters" are "taking over"

Central NM; (ii) other inmates engage in fights and use drugs; (iii) prison officials provide

inadequate food, medical care, and housing amenities; and (iv) such issues are attributable to the

fact that "to[o] many women [are] running the prisons." See First Amended Complaint at 6-9. The First Amended Complaint asserts claims for discrimination, and cruel and unusual punishment, under 42 U.S.C. § 1983, and claims for violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq. ("ADA"). See First Amended Complaint at 5, 6, 9.

The Court refers this case to the Honorable Gregory Fouratt, United States Magistrate Judge for the United States District Court for the District of New Mexico, for recommended findings and disposition, and to enter non-dispositive orders. See Order of Reference Relating to Prisoner Cases, filed May 18, 2023 (Doc. 2). Magistrate Judge Fouratt grants Wolf's First Application to Proceed in District Court Without Prepaying Fees or Costs, filed July 28, 2023 (Doc. 4)("First IFP Motion"), and assesses the initial partial payment. See Order Granting *In Forma Pauperis* Application, filed September 25, 2023 (Doc. 5)("IFP Order"). Wolf pays the initial partial payment as Magistrate Judge Fouratt directs him, which triggers the Court's initial review of the First Amended Complaint under 28 U.S.C. § 1915(e). See 28 U.S.C. § 1915(e) (requiring sua sponte dismissal where an in forma pauperis complaint fails to state a cognizable claim upon which the Court may grant relief).

By a Memorandum Opinion and Order that the Court files on August 30, 2024, the Court reviews the First Amended Complaint sua sponte under 28 U.S.C. § 1915(e) and dismisses the claims without prejudice. See Initial Screening MOO at 18-19. The Initial Screening MOO explains that the First Amended Complaint does not state a cognizable claim for relief against any Defendant. See Initial Screening MOO at 18-19. Specifically, the First Amended Complaint uses a series of passive-voice statements describing the alleged violation of rights without tying any specific Defendants to the alleged wrongdoing. See Initial Screening MOO at 15. See also Pahls v. Thomas, 718 F.3d 1210, 1225-26 (10th Cir. 2013)("When various officials have taken

different actions with respect to a plaintiff, the plaintiff's . . . passive-voice [allegations] showing that his rights 'were violated' will not suffice.   Likewise insufficient is a plaintiff's more active-voice yet undifferentiated contention that 'defendants' infringed his rights.").   The Initial Screening MOO also explains that, even if the First Amended Complaint connects each Defendant to the alleged wrongdoing, the alleged facts do not satisfy the applicable pleading standards under § 1983 or under the ADA.   See Initial Screening MOO at 15-19.

Consistent with Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991), and Wolf's pro se status, the Court sua sponte invites Wolf to file a single, amended civil complaint.   See Initial Screening MOO at 18.   The Initial Screening MOO details instructions regarding the amendment, including the law regarding the federal pleading standards under rule 12(b)(6) of the Federal Rules of Civil Procedure, the law regarding 42 U.S.C. § 1983 claims, and the law regarding ADA claims. See Initial Screening MOO at 3-12.     The Initial Screening MOO warns that, if Wolf does not file a single amended complaint as the Court directs, or if he files another amended complaint that does not state a cognizable claim or comply with the pleading standards in the Initial Screening MOO, the Court may dismiss this action without further notice.   See Initial Screening MOO at 19.

Wolf does not file a single, amended complaint that complies with the Court's instructions. Instead, he files a series of alternating amendments and motions to extend the amendment deadline. Wolf requests the first extension on September 11, 2024.   See Motion for Extension of Time, filed September 11, 2024 (Doc. 18)("First Extension Motion").   Magistrate Judge Fouratt grants the First Extension Motion and extends the amendment deadline through November 15, 2024.   See Order Granting Extension, filed September 11, 2024 (Doc. 19).   Wolf thereafter requests another extension of the amendment deadline, but he also files a timely amendment.   See Motion for

Extension of Time, filed October 24, 2024 (Doc. 20); Motion to Extend Complaint and attached Amended Prisoner Civil Rights Complaint, filed October 28, 2024 (Doc. 23).   Magistrate Judge Fouratt enters a Second Order Granting Extension on October 29, 2024, which extends the amendment deadline through December 5, 2024.   See Second Order Granting Extension, filed October 29, 2024 (Doc. 24).   The following month, Wolf again files both an amended pleading and another request for extension.   See Motion to Amend Complaint # 3 with attached Third Amended Complaint, filed November 14, 2024 (Doc. 25)("Third Amended Complaint"); Motion for Another Extension of Time, filed November 15, 2024 (Doc. 26).

Magistrate Judge Fouratt gives Wolf one final opportunity to amend his claims, if necessary, or to identify which pleading qualifies as the controlling amendment.   See Order Regarding Final Amendment Deadline, filed November 19, 2024 (Doc. 27)("Final Extension Order").   The Final Extension Order extends the amendment deadline through December 10, 2024.   See Final Extension Order at 1.   The Final Extension Order further explains:

> This will be the last extension with respect to the amendment deadline. Any further amendments must include all claims Plaintiff wishes to raise. If Plaintiff fails to timely amend, the Court will: (1) construe the [Motion to Amend Complaint # 3 with attached Third Amended Complaint], filed November 14, 2024 [ECF 25] as the controlling pleading in this case; and (2) screen only the claims that appear in that filing without regard to other filings. If Plaintiff elects to file a separate amended complaint by December 10, 2024, that new pleading will also supersede all prior filings. Finally, if Plaintiff continues to file motions that create uncertainty regarding his amended claims and/or raise claims in piecemeal submissions, the Court may dismiss this case with or without prejudice.

Final Extension Order at 1-2 (first set of brackets added).

Wolf files a response to the Final Extension Order, which states: "The Amended Complaint to this suit was sent in November 13, 2024 [and] is my final Amended Complaint."   Response to Order Regarding Final Amendment Deadline, filed December 4, 2024 (Doc. 29)("Response Clarifying Controlling Pleading").   The Memorandum Opinion and Order that the Court files May

- 4 -

30, 2025, therefore construes the Third Amended Complaint (Doc. 25), which Wolf signs on November 13, 2024 and the Clerk' Office files of record on November 14, 2024, as the controlling pleading in this case.   See Memorandum Opinion and Order, filed May 30, 2025 (Doc. 32)("Dismissal MOO").

The Third Amended Complaint focuses on a different theory of liability than the First Amended Complaint.   The Third Amended Complaint raises claims based on a book/mail rejection, rather than Wolf's conditions of confinement or disabilities.   See Third Amended Complaint at 1-5.   Construed liberally, the Third Amended Complaint alleges that the New Mexico Corrections Department ("NMCD") violates its policy by issuing a book rejection notice. See Third Amended Complaint at 1.   The Third Amended Complaint further alleges NMCD and/or prison officials prevented Wolf from receiving mail containing his copy of the Prison Litigation Reform Act Book and other legal publications, such as Prison Legal News.   See Third Amended Complaint at 1-3.   The Third Amended Complaint also references a Memorandum, which relates to "publisher[] distributions," but the Memorandum's subject is otherwise unclear. See Third Amended Complaint at 2.   The Third Amended Complaint attaches a series of grievances and mail rejection notices, which reflect that Central NM officials refuse to deliver magazines and books such as Prison Legal News and Criminal Legal News.   See Third Amended Complaint at 7-27.

While the Third Amended Complaint sometimes references the plural version of "Defendants," the only listed Defendant is NMCD.   See Third Amended Complaint at 1-5.   The Third Amended Complaint seeks damages and injunctive relief under 42 U.S.C. § 1983.   See Third Amended Complaint at 3-5.   The Third Amended Complaint also seeks damages under N.M.S.A. § 33-2-34(A), which governs the procedure for earning meritorious -- good time --

credits and does not create a private right of action, and "negligence."   See Third Amended

Complaint at 5.

With the Dismissal MOO which the Court files on May 30, 2025, the Court conducts a

second round of screening pursuant to 28 U.S.C. § 1915(e).   See Dismissal MOO at 1-21.   The

Dismissal MOO discusses the claims' scope; cites Magistrate Judge Fouratt's specific directive

that Wolf clarify his claims and confine his claims to a single pleading, and states that the Court

limits review of the Third Amended Complaint, based on Wolf's response.   See Dismissal MOO

at 13-15. See also Response Clarifying Controlling Pleading at 1 ("The Amended Complaint to

this suit was sent in November 13, 2024 [filed November 14, 2024,] and is my final Amended

Complaint.")(brackets added).   In the Dismissal MOO, the Court dismisses the Third Amended

Complaint for two alternative reasons.   See Dismissal MOO at 15-19.   First, the Third Amended

Complaint does not state a cognizable claim for relief under 28 U.S.C. § 1915(e), rule 12(b)(6)

under the Federal Rules of Civil Procedure, or the 42 U.S.C. § 1983 pleading standards in the

Court's Initial Screening MOO.   See Dismissal MOO at 15-17.

The Dismissal MOO alternatively concludes that the Third Amended Complaint is

duplicative of Wolf's claims in his other federal case, see Wolf v. Hatch, et al, No. CIV 23-1120

JCH-SCY.   See Dismissal MOO at 17-19; Erwin v. Zmuda, 2024 WL 2768460, at *2 (10th Cir.

May 30, 2024)(unpublished)[1](The Tenth Circuit has "long held that . . . repetitious litigation of

---

[1] Erwin v. Zmuda, No. 24-3022, 2024 WL 2768460 (10th Cir. May 30, 2024) is an unpublished opinion, but the Court can rely on an unpublished Tenth Circuit opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A)("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit states:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored . . . . However, if an

virtually identical causes of action may be dismissed under § 1915.")(citing Childs v. Miller, 713 F.3d 1262, 1265 (10th Cir. 2013)).   Wolf files the other federal case, see Wolf v. Hatch, et al, CIV No. 23-1120 JCH-SCY, before submitting the Third Amended Complaint in this case.   Wolf v. Hatch, et al, No. CIV 23-1120 JCH-SCY involves the same claims that Wolf raises in the Third Amended Complaint, i.e, that on various occasions, prison officials issue a mail rejection notice and fail to deliver Wolf's copies of the Prison Litigation Reform Act Book and Prison Legal News. See Third Amended Complaint at 1-22. See also Wolf v. Hatch, et al, No. CIV 23-1120 JCH-SCY Complaint for Violation of Civil Rights (Prisoner Complaint), filed December 15, 2023 (Doc. 1) ( "Original Book Rejection Complaint").   Before Wolf files his Third Amended Complaint in this case, the Honorable Judith Herrera, Senior United States District Judge for the United States District Court for the District of New Mexico, dismisses the 42 U.S.C. § 1983 claims against NMCD and orders the remaining Defendants to file an answer to the Original Book Rejection Complaint.   See Memorandum Opinion and Order, filed May 22, 2024 (Doc. 7) in Wolf v. Hatch, et al, No. CIV 23-1120 JCH-SCY ("Judge Herrera's Screening MOO").   Because the Original Book Rejection Complaint survives initial review, and because litigation is underway in Wolf v. Hatch, et al, No. CIV 23-1120 JCH-SCY, the Court dismisses the identical, later-filed Third Amended Complaint as duplicative.   See Dismissal MOO at 17-19.

---

unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005).   The Court concludes that Erwin v. Zmuda, followed by Novotny v. OSL Retail Servs. Corp., No. 22-8062, 2023 WL 3914017, (10th Cir. June 9, 2023), United States v. Miles, 343 Fed. App'x 392, 393 (10th Cir. 2009), and United States v. McIntyre, 551 Fed. App'x 448, 449 (10th Cir. 2014) have persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

Based on the two, alternative grounds for dismissal, the Court dismisses the Third Amended Complaint for failure to state a cognizable claim, for failure to survive initial review, and as duplicative under 28 U.S.C. § 1915(e) and rule 12(b)(6).   See Dismissal MOO at 20-21. The Dismissal MOO acknowledges that a court can dismiss a case with prejudice where -- as here -- a prior complaint does not state a cognizable claim, the Court grants leave to amend, and the plaintiff's amendment does not survive initial review or state a plausible claim under rule 12(b)(6). See, e.g., Novotny v. OSL Retail Servs. Corp., No. 22-8062, 2023 WL 3914017, at *1 (10th Cir. June 9, 2023)(affirming dismissal with prejudice where the district court rejects a "claim but gave [the plaintiff] leave to amend, cautioning that failure to allege a plausible claim would result in a dismissal").   Because, however, the Third Amended Complaint -- the controlling pleading at the time of dismissal -- raises the same issues as the ongoing litigation in Wolf v. Hatch, et al, No. CIV 23-1120 JCH-SCY, the Court dismisses all claims without prejudice.   See Dismissal MOO at 20.   The Court also declines to exercise supplemental jurisdiction over the State claims.   See Dismissal MOO at 20.   The Court enters Final Judgment along with the Dismissal MOO on May 30, 2025.   See Final Judgment, filed May 30, 2025 (Doc. 33)("Judgment").

Wolf files this Motion to Correct on July 2, 2025, more than thirty days after the Court enters the Judgment.   See Motion to Correct at 1.   Wolf alleges that both he and the Court experience "confusion," and that this case involves "an ADA complaint-cruel and unusual punishment."   See Motion to Correct at 1.   The Motion to Correct attempts to resurrect Wolf's arguments from his First Amended Complaint regarding the lack of shower benches and inadequate conditions of confinement, i.e., the pleading Wolf superseded when he submits a different legal theory in the Third Amended Complaint.   See Motion to Correct at 1-3.   The Court considers whether there are grounds to reopen this case under rule 60(b) of the Federal Rules of

Civil Procedure and allow Wolf to file a fourth amended complaint.

### ANALYSIS

Wolf files the Motion to Correct more than twenty-eight days after the Court files the Dismissal MOO and Judgment. The Court files the Judgment on May 30, 2025, and Wolf files the Motion to Correct on July 2, 2025.[2] See Judgment at 1; Motion to Correct at 1. The Court therefore analyzes the Motion to Correct under rule 60(b). See Spitznas v. Boone, 464 F.3d 1213, 1215 (10th Cir. 2006). As relevant here, rule 60(b) allows relief from a judgment in the event of: (i) mistake, inadvertence, surprise, or excusable neglect; (ii) newly discovered evidence; or (ii) fraud. See Fed. R. Civ. P. 60(1)-(3). Rule 60(b)(6) also contains a catchall clause for "any other reason that justifies relief." Rule 60(b)(6) relief is, however, "extraordinary," "difficult to attain," and only "appropriate … when it offends justice to deny such relief." Zurich North America v. Matrix Serv., Inc., 426 F.3d 1281, 1289, 1293 (10th Cir. 2005).

Having considered the record, the Court concludes that none of these circumstances exist

---

[2] Although Wolf lists an earlier date at the top of the first page of the Motion to Correct, the July 2, 2025 filing date controls, because Wolf does not comply with the prisoner mailbox rule. See Motion to Correct at 1 (listing "6-11-25" at the top of page 1). The prisoner mailbox rule states that, when certain conditions are satisfied, an inmate who places a filing "in the prison's internal mail system will be treated as having 'filed' on the date it is given to prison authorities for mailing to the court." Price v. Philpot, 420 F.3d 1158, 1165 (10th Cir. 2005). The rule is inapplicable here, because the Motion to Correct does not "not say whether a legal mail system was available or, if it was, whether [Wolf] used it." United States v. Miles, 343 Fed. App'x 392, 393 (10th Cir. 2009). See also United States v. McIntyre, 551 Fed. App'x 448, 449 (10th Cir. 2014)(rejecting mailbox argument and noting petitioner "has never claimed his prison has such a system, much less alleged he used it").

Even if the mailbox rule applies -- such that the Court treats the Motion to Correct as filed within twenty-eight days after entry of the Judgment, and rule 59 of the Federal Rules of Civil Procedure governs the standard of review – the Court's ruling remains the same. Rule 59 provides relief based on: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). For the reasons stated in this Memorandum Opinion and Order, none of these circumstances are present in this case.

here.   The Motion to Correct does not address each alternative ground for dismissal, nor does Wolf argue that the Third Amended Complaint should survive review under 28 U.S.C. § 1915(e) or rule 12(b)(6).   Instead, Wolf alleges a "mixup" and "confusion" occurs, and he does not intend to submit the Third Amended Complaint as the controlling pleading in this case.   Motion to Correct at 1.   As noted above, the Third Amended Complaint addresses a mail rejection notice and the failure to deliver a book to Wolf.   See Third Amended Complaint at 1-3.   The Motion to Correct references Wolf v. Hatch, et al, No. CIV 23-1120 JCH-SCY, and the Court discerns Wolf may argue that he intends to file the Third Amended Complaint in Senior District Judge Herrera's case, which also addresses an alleged book rejection.   See Motion to Correct at 2.

In light of the record, Wolf's explanation is insufficient to demonstrate a mistake.   This is not a situation where one filing is mislabeled, and Wolf arguably files the Third Amended Complaint in the wrong case.   Magistrate Judge Fouratt took steps to prevent this situation and to give Wolf an opportunity to identify definitively which amended pleading Wolf wishes to use for the second round of screening under 28 U.S.C. § 1915(e) and rule 12(b)(6).   See Final Extension Order at 1.   Magistrate Judge Fouratt requires such clarification after Wolf files the Third Amended Complaint in this case, rather than assuming Wolf wishes to rely on the Third Amended Complaint as the controlling pleading.   See Final Extension Order at 1-2.   The Final Extension Order identifies the Third Amended Complaint, including the filing date; allows Wolf to change the controlling pleading, if he wishes to raise a different theory; and notifies Wolf that, if he does not make such a change, the Court will "screen only the claims that appear in . . . [the Third Amended Complaint] without regard to other filings."   Final Extension Order at 1-2.   Magistrate Judge Fouratt also specifically admonishes Wolf regarding his ongoing practice of filing motions, such as the instant Motion to Correct, that "create uncertainty regarding his amended claims."

Final Extension Order at 1-2.

As noted above, Wolf responds to the Final Extension Order by stating that Magistrate Judge Fouratt must be "mistaken" regarding any uncertainty about the amended claims and that "[t]he Amended Complaint to this suit was sent in November 13, 2024 [filed stamped November 14, 2024] is my final Amended Complaint."  Response Clarifying Controlling Pleading at 1. Wolf includes this case number, No. CIV 23-0382 JB-GJF, on both the Third Amended Complaint (Doc. 25) and the Response Clarifying Controlling Pleading (Doc. 29).  See Third Amended Complaint at 1; Response Clarifying Controlling Pleading at 1.  At the time that Wolf files the Third Amended Complaint and the Response Clarifying Controlling Pleading in this case, (i.e., between November 14, 2024 and December 4, 2024), there is no pending deadline to amend in his other case, Wolf v. Hatch, et al, No. CIV 23-1120 JCH/SCY.  See Wolf v. Hatch, et al, No. CIV 23-1120 JCH/SCY, Docket Sheet.  Accordingly, the record controverts Wolf's post-judgment assertion that he intends to file the Third Amended Complaint in his other case, Wolf v. Hatch, et al, No. CIV 23-1120 JCH/SCY,  or raise a different legal theory in this case during the second round of 28 U.S.C. § 1915(e) screening.

Alternatively, even if the Court accepts Wolf's contention that he does not intend to file the Third Amended Complaint in this case, dismissal still is proper, because he does not file an alternative amendment in this case in response to the Final Extension Order.  Wolf attempts to file an amendment after dismissal by including factual allegations and claims in the Motion to Correct, filed July 2, 2025.  See Motion to Correct at 1-3.  The Court filed its Initial Screening MOO, however, requiring amendment on August 30, 2024; he had nearly four months to comply. The final amendment deadline expired on December 10, 2024.  See Initial Screening MOO at 1; Motion to Correct at 1-3; Final Extension Order at 1-2.  Wolf therefore does not amend timely to

state a plausible claim for relief, even accepting his alternative version of events.

The Court finally notes that relief is not necessary to prevent injustice. Wolf argues that the Clerk's Office creates the filing mishap by adding two file-stamps to the first page of a form civil rights complaint. See Motion to Correct at 4. That double-stamped page that Wolf submits as evidence does reflect what claims or defendants were involved, however, and the original filing date is December 15, 2023, nearly one year before the amendment is due in this case. See Motion to Correct at 4. Moreover -- and perhaps most importantly -- the Dismissal MOO dismisses Wolf's claims without prejudice. Wolf can continue to prosecute his claims in Wolf v. Hatch, et al, No. CIV 23-1120 JCH/SCY, which is about to proceed to a settlement conference. See Wolf v. Hatch, et al, No. CIV 23-1120 JCH/SCY, Clerk's Minutes for Proceedings Held Before Magistrate Judge Steven C. Yarbrough, filed March 10, 2026 (Doc. 51). To the extent Wolf wants to raise separate claims under the ADA and the Eighth Amendment based on the ongoing refusal to provide shower chairs or safe conditions for geriatric prisoners, he can file a new case. See Motion to Correct at 1-3.

For these reasons, Wolf does not demonstrate an entitlement to relief under rule 60(b) or under any reconsideration standard. The Court denies the Motion to Correct without prejudice to filing a new civil case, if Wolf wants to pursue additional claims under the ADA or 42 U.S.C. 1983. The Clerk's Office will mail Wolf a blank civil rights complaint and a blank motion to proceed *in forma pauperis* for use in his new case.

**IT IS ORDERED** that the Plaintiff's Motion to Correct 1983 Civil Rights Complaint, filed July 2, 2025 (Doc. 34), is denied.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Robert R. Wolf
Los Lunas, New Mexico

    *Plaintiff pro se*